# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:00-CR-14(1) TH-CE |
| | § | |
| HENRY DONNELL BERRYMAN | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On May 25, 2010, the undersigned held a final hearing on the government's petition (#77) to revoke supervised release. The government was represented by Assistant United States Attorney Ms. Carol Wheeler. The defendant, Henry Donnell Berryman, was represented by Mr. Ken Hawk.

Henry Donnell Berryman was sentenced on July 19, 2000 before The Honorable U.S. District Judge Thad Heartfield of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Possession With Intent to Distribute Cocaine base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of V, was 120 to 150 months. Henry Donnell Berryman was subsequently sentenced to 120 months to be followed by four (4) years of supervised release subject to the standard conditions of release, plus special conditions to include that 1) the defendant shall provide the probation officer with access to any employment, and 2) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. On March 25, 2008, the imprisonment term was reduced to 100 months. On February 17, 2009, Henry Donnell Berryman completed his period of imprisonment and began service of the supervision term.

On March 2, 2010, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) <u>Mandatory</u>. The defendant shall refrain from any unlawful use of a controlled substance. Specifically, the government alleges as follows: On March 16, 2009, September 10, 2009, and January 27, 2010, Henry Donnell Berryman submitted urine specimens that tested positive for cocaine. On February 4, 2010, Henry Donnell Berryman signed an admission of drug use on or about two days prior to February 4, 2010.

2) <u>Mandatory:</u> The defendant shall not commit another federal, state, or local crime. Specifically, the government alleges as follows: On June 12, 2009, Henry Donnell Berryman was sentenced in Harrison County Court, in Marshall, Texas, for the offense of Theft (Class B Misdemeanor), to 82 days imprisonment (credit for time served).

The court scheduled a final revocation hearing for May 25, 2010. At the hearing on the government's petition, and after consenting to the undersigned taking the plea, the defendant pled true to the allegations as set forth above. Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the undersigned found that the defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 13 months, with no term of supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations, as set forth in the government's petition, be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the court find that the defendant violated the conditions of his

supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 13 months, with no term of supervised release to follow such term of imprisonment.

At the close of the May 25, 2010 revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant also waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 26th day of May, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE